UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY KRON,<br><br>                    Plaintiff,<br><br>v.<br><br>KRISTIN GASPAR<br><br>                    Defendant. | Case No.: 23-CV-615-CAB-JLB<br><br>**ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT**<br><br>[Doc. No. 2] |

On April 6, 2023, Plaintiff, a non-prisoner, filed a complaint making allegations against Kristin Gaspar. Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution or defense of any suit without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to

proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

Here, Plaintiff's IFP application is incomplete, but the information Plaintiff provides does not establish that Plaintiff lacks the funds to pay the filing fee. Plaintiff asserts that he has $7,000 in cash, $1,800 in bank accounts, and $1,500 in a brokerage account. Plaintiff also owns a car, has minimal expenses, and states that he has spent or intends to spend more than $10,000 for expenses and attorney's fees in this lawsuit. Based on the information Plaintiff has provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, Plaintiff's application to proceed IFP [Doc. No. 2] is **DENIED** without prejudice.

Moreover, even if Plaintiff is ultimately able to establish entitlement to proceed IFP, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal should the Court determine, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Here, the caption of the complaint lists causes of action of "breach of oath of office," "first amendment violation," "political retaliation," and "intentional infliction of emotional distress." It is not clear, however, on what legal theory any of the first three causes of action could proceed in this case, considering that the defendant is an individual who is not alleged to have been acting in an official capacity in connection with the allegations in the complaint. The intentional infliction of emotional distress claim, meanwhile, is a state law claim over which this Court can exercise jurisdiction only if Plaintiff is able state a federal

claim.  Moreover, regardless of subject matter jurisdiction, the complaint does not contain sufficient allegations to state any cause of action, federal or not.  Accordingly, this Court lacks subject matter jurisdiction, and the complaint fails to state a claim.

In light of the foregoing, it is hereby **ORDERED** that Plaintiff's application to proceed in forma pauperis is **DENIED** without prejudice.  On or before **April 28, 2023**, Plaintiff must (1) either file a new and complete IFP application[1] or pay the filing fee, and (2) file an amended complaint that sets forth a legal theory on which Plaintiff may assert a federal claim against Defendant and contains sufficient allegations to state such a claim or claims.  Failure to comply with these requirements will result in dismissal of the lawsuit.

It is **SO ORDERED**.

Dated:  April 6, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Plaintiff is advised that any new application must be made under penalty of perjury and must contain sufficient information to explain why he is entitled to proceed IFP notwithstanding the assets listed in the first application.  Unexplained inconsistencies between a renewed application and the first application will result in denial of the renewed application and the requirement that Plaintiff pay the filing fee if he wishes to proceed with this lawsuit.